UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **Daniel Gallegos,** | Case No: |
| *Plaintiff*, | Division: |
| v. | Ad Damnum: $3,000 + Atty Fees & Costs |
| **Experian Information Solutions, Inc.,** *and* **ITMedia Solutions, LLC,** | JURY TRIAL DEMANDED |
| *Defendants*. | |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, **Daniel Gallegos** ("**Mr. Gallegos**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, **Experian Information Solutions, Inc.** ("**Experian**"), and **ITMedia Solutions, LLC** ("**ITMedia**") (jointly, "**the Defendants**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Gallegos against the Defendants for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. §1331.

3. The Defendants are subject to the provisions of the FCRA and to the jurisdiction of this Court pursuant to 28 U.S.C. §1331.

4. Venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. §1391(b)(2), because the acts complained of were committed and / or caused by the Defendants therein.

## PARTIES

### Mr. Gallegos

5. **Mr. Gallegos** is a natural person residing in the City of Lakeland, Polk County, Florida, and a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### ITMedia

6. **ITMedia** is a California limited liability company with a primary business address of **155 Office Plaza Drive, 1st Floor, Tallahassee, FL 32301.**

7. ITMedia's Florida Registered Agent is **Paracorp Incorporated, 155 Office Plaza Drive, 1st Floor, Tallahassee, FL 32301.**

### Experian

8. **Experian** is an Ohio corporation with a primary business address of **475 Anton Blvd., Costa Mesa, CA 92626.**

9. Experian is registered to conduct business in the State of Florida as a foreign corporation, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.**

10. Experian is a nationwide *Consumer Credit Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, or on a cooperative nonprofit basis, it regularly engages in the practice of assembling or

evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, while using means of interstate commerce, specifically the U.S. mail and internet, for the purpose of preparing or furnishing consumer reports.

## FACTUAL ALLEGATIONS

### ITMedia Owns and Controls PersonalLoans.com

11. ITMedia is the "official AOR (agency of record) for the web properties: Cashadvance.com, BadCreditLoans.com and Personalloans.com." **SEE PLAINTIFF'S EXHIBIT A.**

12. Jason Ramin ("**Ramin**") is the chief executive officer at ITMedia. Ramin is also the author of multiple articles published on PersonalLoans.com's blog.

13. In 2009, Daniel Negari ("**Negari**") incorporated Cash Now, Inc., a California-based payday lender. **SEE PLAINTIFF'S EXHIBIT B.**

14. On December 8, 2014, Cash Now, Inc., merged with ITMedia. **SEE PLAINTIFF'S EXHIBIT C.**

15. As a result of that merger, Negari controls ITMedia.

16. PersonalLoans.com is a website that advertises "easy," short-term loans to consumers. The website is not a direct lender but rather a lead generator which collects consumers' personal information, *e.g.*, name, address, date of birth, Social Security number, employer, bank account, and related information.

17. PersonalLoans.com claims that its affiliated lenders make loans at annual interest rates between 5.99% and 35.99% annually. Its webpage shows examples of the

*annual percentage rates* ("**APRs**") charged by its affiliates, ranging from 12% to 24% annually. **SEE PLAINTIFF'S EXHIBIT D.**

18. In reality, PersonalLoans.com sells the consumer data it harvests to many lenders who make loans at over 750% annual interest. One such lender is Sky Trail Cash, which issues consumer loans at 782% interest. A $500 loan results in a $1,254.74 repayment obligation in less than four months. **SEE PLAINTIFF'S EXHIBIT E.**

### Rent-A-Tribe Schemes

19. PersonalLoans.com is part of a "rent-a-tribe" scheme.

20. In these schemes, non-tribal payday lenders attempt to avoid the restrictions of state and federal laws which would otherwise prohibit usurious loans. They do this by issuing loans in the name of a Native American tribal business entity that purports to be shielded from state and federal law via tribal sovereign immunity. In reality, the tribal entity is a mere "front" for an illegal lending scheme; all substantive aspects of the payday lending operation – funding, marketing, loan origination, underwriting, loan servicing, electronic funds transfers, and collections – are performed by individuals and entities that are unaffiliated with the Native American tribe. In exchange for the use of the tribe's name, those operating the payday lending scheme pay the cooperating tribe a fraction of the revenues generated; while the percentage varies from scheme-to-scheme, the number is almost always in the single digits.

21. PersonalLoans.com claims to be owned by Arrow Eagle, LLC ("**Arrow Eagle**") of Roosevelt, Utah. Arrow Eagle, in turn, claims to be owned by the Ute Tribe of Utah (the "**Ute Tribe**"), a federally recognized Indian Tribe.

22. For all real intents and purposes, PersonalLoans.com is owned and operated by Negari and his non-tribal partners and investors who control its operation. The Ute Tribe's claimed ownership is the result of a "rent-a-tribe" scheme, whereby it provides cover for Negari, *et al*.

23. While the Ute Tribe claims ownership of PersonalLoans.com, its involvement in the website is superficial. In exchange for the rental of its name, the Ute Tribe receives around 1% of revenues generated by the website.

## Usurious Lending Prohibited in Florida

24. The State of Florida has long recognized that lending money at usurious interest rates is immoral, harmful, and contrary to public policy.

25. Section 687.071(3), Florida Statutes, renders the issuing of loans with annual interest rates greater than 45% a third-degree felony.

26. Attempting to circumvent state interest rate caps by fraudulently hiding behind tribal sovereign immunity has been found to constitute criminal conduct. On October 13, 2017, a jury in the U.S. District Court for the Southern District of New York convicted Scott Tucker and Timothy Muir, who operated a network of tribal lending operations, on 14 felony counts; *see United States v. Tucker, et al.*, No. 1:16-cr-00091-PKC (S.D.N.Y).

## Usurious Lenders Promoted on PersonalLoans.com

27. Sky Trail Cash – one of many "tribal" lenders who buys consumer data from PersonalLoans.com – claims to be owned by Ningodwaaswi, LLC, which, in turn, claims

to be owned by the Lac du Flambeau Band of Lake Superior Chippewa Indians (the "**LDF Tribe**") in Wisconsin.

28. The LDF Tribe is one of the most prolific purveyors in the rental market for sovereign immunity, claiming to operate more than 50 online payday lending websites. Despite supposedly owning a multitude of payday loan websites, transacting tens of millions of dollars in total revenues per month – a feat which would require thousands of employees in aggregate – each and every lending website supposedly controlled by the LDF Tribe states its business office to be at the same location: the second floor of a cigarette store in rural Wisconsin.

29. In reality, Sky Trail Cash is beneficially owned by Texas payday loan magnate William C. "Cheney" Pruett ("**Pruett**"), who has dozens of companies registered with the Texas Secretary of State and has owned and operated many payday lenders, both online and storefront.

30. As aforementioned, Sky Trail Cash makes loans at interest rates far beyond the maximum legal limit in Florida.

31. Oxford Financial Services ("**Oxford**") is another purported "tribal" lender that buys consumer data from PersonalLoans.com. Oxford claims to be owned by Kashia Services, which, in turn, claims to be owned and controlled by the Kashia Band of Pomo Indians of the Stewart's Point Rancheria (the "**Kashia Tribe**").

32. The Kashia Tribe has approximately 78 enrolled members and a small reservation in rural northern Sonoma County, California. The true beneficial owners of

Oxford is All Calls, LLC, a non-tribal company located in Salt Lake City, Utah. Oxford lends to consumers at interest rates of 700% annually and greater.

33. By regularly and frequently promoting and assisting lenders like Sky Trail Cash and Oxford to make loans in Florida – lenders who are not licensed in Florida and who make loans at rates more than 20 times the maximum lawful rate – ITMedia, operating PersonalLoans.com, is violating the *Racketeering Influenced and Corrupt Organizations Act* ("**RICO Act**"), 18 U.S.C. § 1964, *et seq*.

### Negari Engages In Questionable Business Practices

34. Negari is a businessman living in Nevada who has a long and checkered history in the payday lending marketplace.

35. Negari, through his many companies and subsidiaries, frequently engages in questionable – and often illegal – business practices. As but one example, the *Federal Trade Commission* ("**FTC**") and the *Small Business Administration* ("**SBA**") sent a "WARNING LETTER" to ITMedia on May 14, 2020, expressing concern that ITMedia's website, SBA.com – which is intentionally similar to the SBA's actual website, SBA.gov – was receiving commissions and making profit from referrals to lenders who supposedly could process Paycheck Protection Program ("PPP") loans for small businesses. **SEE PLAINTIFF'S EXHIBIT F.**

36. Negari, through ITMedia, also operates websites like debtsolutions.com, which harvests consumer information from consumers interested in "debt consolidation" and "debt reduction."

37. In 2016, the FTC filed an enforcement action in the Central District of California against ITMedia regarding its failure to respond to the FTC's investigative demands. The FTC was investigating ITMedia for what it believed was questionable methods in obtaining leads regarding consumers seeking online payday loans. The FTC also demanded information as to whom ITMedia sells leads. *Federal Trade Commission vs. IT Media Inc.*, case 2:16-cv-09483-CAS-MRW, Central District of California, Western Division, Dec. 22, 2016.

### PersonalLoans.com Business Model

38. PersonalLoans.com *purchases* potential customer leads and obtains supplemental information from CRAs like Experian, re-selling that information to online payday lenders and similar.

39. In most instances, PersonalLoans.com does not have consent from the consumer to obtain a credit report, as it simply purchases the consumer's basic personal information – name, address, date of birth, banking information, etc. – from other online lead sources.

40. Despite a lack of permissible purpose, ITMedia frequently obtains credit reports regarding consumers.

### PersonalLoans.com Requests CBR Regarding Mr. Gallegos

41. On or about July 21, 2018, ITMedia, under the guise of PersonalLoans.com, requested a ***Credit Bureau Report*** ("**CBR**") regarding Mr. Gallegos from Experian. A record of the inquiry was logged by Experian. **SEE PLAINTIFF'S EXHIBIT G.**

42. Mr. Gallegos first discovered this inquiry when he requested and received a copy of his consumer disclosure from Experian on or about October 22, 2019.

43. The FCRA, 15 U.S.C. 1681a(d)(1), defines a *Consumer Report* as "**any** written, oral, or other communication of **any** information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living…" (**Emphasis added**.)

44. The information contained in the CBR regarding Mr. Gallegos, including his employment and classification of residence, bear on his mode of living and credit worthiness.

45. The CBR that ITMedia obtained from Experian regarding Mr. Gallegos is therefore a *Consumer Report* as defined by the FCRA, 15 U.S.C. § 1681a(d)(1).

46. When requesting the report, ITMedia claimed that the requesting party was "PERSONALLOANS.COM, 318 N CARSON ST SUITE 208, CARSON CITY, NV 89701, phone 310-929-5566." *Id.*

47. The phone number 310-929-5566 was formerly utilized by Cash Now, Inc., prior to its discontinuation in 2014. The Carson City, Nevada, address belongs to Paracorp Incorporated ("**Paracorp**"). No actual consumer lending business is conducted at this address and Paracorp is simply a professional registered agent, serving more than 1,000 businesses in Nevada.

**Experian Fails to Verify Identity of ITMedia/PersonalLoans.com**

48. Experian's reports typically include phone numbers, detailed address history, employment information, credit card balances and account numbers, mortgage or rental history, and other highly personal, sensitive information.

49. Prior to providing reports to "PERSONALLOANS.COM," Experian, as a CRA, was required by the FCRA to "make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report." *See* 15 U.S.C. § 1681e(a).

50. The FCRA does not define the phrases "reasonable efforts" or "reasonable procedures," but the FTC interprets them to require an agency "to verify that [each user] is . . . **a legitimate business** having a 'permissible purpose' for the information reported." *Aleksic v. Clarity Servs., Inc.*, Case No: 1:13-cv-07802 (N.D. Ill. Jul. 8, 2015), quoting *Commentary on the Fair Credit Reporting Act*, § 607(b)(2)(A), 55 Fed. Reg. 18,804-01 at 18,819 (May 4, 1990). (**Emphasis added.**)

51. Beyond this, the FCRA imposes a duty of reasonable care on a CRA. *See Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982).

52. Further, "[n]o consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in § 1681b of this title." 15 U.S.C. § 1681e(a).

53. On information and belief, Experian failed to make a reasonable effort to verify the identity of "PERSONALLOANS.COM," as required by FCRA § 1681e(a).

54. Had Experian made a reasonable attempt to verify the identity of PersonalLoans.com and/or ITMedia, it would have quickly realized that the entity to which it was selling reports was an online loan-referral website. Despite the website claiming "tribal" ownership by the Ute Tribe of Utah, the address provided was a commercial registered agent in Nevada, where no actual business is conducted. The address has no relation to an online lender or consumer lending in general. Further, the phone number provided was not in service and previously belonged to a payday loan company, Cash Now, Inc., which is also unrelated to the Ute Tribe.

55. Experian's failures are compounded by the fact that PersonalLoans.com had previously provided it with a different address. Records from March 2017 show Experian recording inquiries relating to PersonalLoans.com which contained the following identification: "2800 OLYMPIC BLVD STE 100, SANTA MONICA, CA 90404, *No phone number available*." **SEE PLAINTIFF'S EXHIBIT H.**

56. This address – 2800 Olympic Blvd., Suite 100, Santa Monica, CA 90404 – belongs to ITMedia and is used by many other entities owned and operated by Negari.

57. Despite its customer providing no phone number and an address in Santa Monica belonging to ITMedia and other tech-related companies, Experian considered this sufficient verification to provide reports to a business which claimed to be owned and operated by the Ute Tribe in Utah.

58. Sometime between March 2017 and June 2018, Experian updated its information regarding PersonalLoans.com, changing the address from Santa Monica to Carson City, and adding a phone number which was *not in service*.

59. Experian had no reasonable basis for verifying the identity of a business that was purportedly owned by Native Americans in Utah, yet located in Santa Monica and/or Carson City, with either no phone number or a disconnected phone number previously belonging to a payday lender with a Beverly Hills address.

60. Assuming, *arguendo*, that Experian actually investigated and learned that the address provided by PersonalLoans.com was the offices of ITMedia and, later, a professional registered agent having nothing to do with lending, Experian could not reasonably determine that this was sufficient verification of the entity to provide PersonalLoans.com with unfettered access to a database containing millions of consumers' private and legally protected personal credit information.

61. Beyond this, Experian was required by the FCRA to have at least a modicum of belief that PersonalLoans.com was operating a legitimate business. PersonalLoans.com lacked a working phone number – and for a period of time, any phone number at all – and its physical office space belonged to that of ITMedia, which contradicted its online claims of ownership by the Ute Tribe.

**PersonalLoans.com Claimed its Permissible Purpose was 'Account Review'**

62. The FCRA, 15 U.S.C. § 1681b(f), requires that a prospective user of a consumer report, such as PersonalLoans.com, *certify* its permissible purpose for obtaining the report.

63. When PersonalLoans.com asked Experian for a copy of Mr. Gallegos' CBR, it certified its permissible purpose for account review.

64. However, Mr. Gallegos had no account with PersonalLoans.com for which it could "review" his credit. Indeed, pursuant to PersonalLoans.com's website, it does not make loans and is not a lender. Experian, for its part, knew that PersonalLoans.com was not reporting any account to it and therefore had no basis to believe that PersonalLoans.com was using the report for account review purposes.

65. PersonalLoans.com used the information obtained from Experian for specific purposes: to obtain private, detailed information about Mr. Gallegos and then re-sell that information to various online loan sharks, virtually all of whom were operating illegally in Florida.

66. PersonalLoans.com, and thus ITMedia, never certified its permissible purpose was for marketing purposes and re-sale to undisclosed third parties.

67. Further, even assuming, *arguendo*, that Mr. Gallegos had, somehow, "consented" to ITMedia obtaining a credit report, Mr. Gallegos could only have consented if ITMedia had the capacity to issue a legal loan.

68. By conspiring with illegal lenders, enabling and assisting them with their illegal loans in Florida, ITMedia engaged in a pattern of racketeering rendered illegal by the RICO Act; thus, any permission that ITMedia obtained under the false pretenses that they could facilitate lending him money after pulling his credit was null *ab initio*.

69. Mr. Gallegos has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

# COUNT I
# VIOLATIONS OF THE FCRA – *Experian*

70. Mr. Gallegos incorporates paragraphs 1 - 69 as if fully stated herein.

71. Experian violated **15 U.S.C. §1681e(a)** when it failed to make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report by accepting, without challenge or independent verification, the identity of PersonalLoans.com – a web-only entity which claims to be owned by the Ute Tribe in Utah and operate on its reservation, despite the fact that PersonalLoans.com provided Experian a Santa Monica address that belongs to ITMedia, which is entirely unrelated to the Ute Tribe, and provided no phone number. Later, Experian verified that PersonalLoans.com operated from a Carson City, Nevada, location with an address belonging to a professional registered agent. The phone number accompanying this verification belonged to a different Negari-related business, Cash Now, Inc., which discontinued operations in 2014. Despite numerous red flags concerning PersonalLoans.com, Experian provided it access to its database of nearly 200 million consumers' credit reports.

72. Experian violated **15 U.S.C. § 1681b(a)** when it provided a report to ITMedia, under the guise of PersonalLoans.com, while having no reason to believe that ITMedia had a legitimate business need for the report or intended to use it in connection with any review of account related to Mr. Gallegos or to make any firm offer of credit. Indeed, Experian knew that the requester was not reporting any active account and had no reason to trust an entity which obfuscates its name, address, and phone number to use the

information it obtained on consumers like Mr. Gallegos only for the reasons certified and none other.

73. Experian's conduct was willful and intentional, or, alternately, was performed with a reckless disregard for its duties under the FCRA.

74. As a result of its conduct, Experian is liable to Mr. Gallegos pursuant to the FCRA for statutory damages of up to $1,000 for *each occurrence*, and other relief.

**WHEREFORE,** Mr. Gallegos respectfully requests this Court enter judgment against Experian, and for him, as follows:

a. The greater of statutory damages of **$1,000.00** per incident (for a total of **$2,000**), pursuant to 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1) or Mr. Gallegos' unspecified actual damages for loss of credit opportunities, higher interest rates, and related economic and non-economic injuries;

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3); and,

c. Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FCRA – *ITMedia*

75. Mr. Gallegos incorporates paragraphs 1 - 69 as if fully stated herein.

76. ITMedia violated **15 U.S.C. § 1681b(f)** when it obtained Mr. Gallegos' credit report from Experian without permissible purpose, as ITMedia, under the guise of PersonalLoans.com, stated it needed the CBR in connection with an "account review" regarding a "credit transaction," but no account existed and Mr. Gallegos never applied for, much less obtained, any credit from PersonalLoans.com or any entity related to ITMedia, and Mr. Gallegos never consented to ITMedia obtaining a credit report regarding him.

77. ITMedia used Mr. Gallegos' confidential information obtained from Experian to try to discern Mr. Gallegos' financial situation for the purpose of re-selling his information to various online payday loan sharks, to assist them in making illegal and usurious loans to Mr. Gallegos at interest rates that far exceed the maximum lawful rate in Florida.

78. ITMedia knew or should have known that it lacked a permissible purpose when requesting Mr. Gallegos' credit report, as it did not have his consent and, even assuming, *arguendo*, he had consented, ITMedia obtained such consent under false pretenses, by failing to disclose that it intended to re-sell his personal information to illegally operating online loan sharks.

79. As a result of its conduct, ITMedia is liable to Mr. Gallegos pursuant to the FCRA for statutory damages of up to $1,000 for *each occurrence*, and other relief.

**WHEREFORE,** Mr. Gallegos respectfully requests this Court to enter judgment against ITMedia, and for him, as follows:

a. The greater of statutory damages of **$1,000.00** per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A) or Mr. Gallegos' actual damages;

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Gallegos hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **August 25, 2020** by:

        **SERAPH LEGAL, P. A.**
        */s/ Brandon D. Morgan*
        Brandon D. Morgan
        Florida Bar # 1015954
        BMorgan@SeraphLegal.com
        */s/ Thomas M. Bonan*
        Thomas M. Bonan, Esq.
        Florida Bar #118103
        TBonan@SeraphLegal.Com
        2002 E. 5th Avenue, Suite 104
        Tampa, FL 33605
        T: (813) 567-1230
        F: 855-500-0705
        *Counsel for Plaintiff*

**ATTACHED EXHIBITS LIST**

| | |
|---|---|
| A | Former ITMedia Employee's Description of the Company, LinkedIn Profile Excerpt |
| B | Articles of Incorporation for Cash Now, Inc. |
| C | Agreement of Merger Between Cash Now, Inc., and ITMedia |
| D | PersonalLoans.com, "Example of a Personal Loan APR Range" |
| E | Sky Trail Cash Sample Loan Information |
| F | FTC Warning Letter to ITMedia, May 14, 2020 |
| G | Mr. Gallegos' Experian Consumer Disclosure, October 22, 2019, Inquiries Excerpt |
| H | Unrelated Consumer's Experian Consumer Disclosure, Inquiries Excerpt |